## COSTE v. VILLERE COAL CO., Inc., et al.
## No. 17222.

Court of Appeal of Louisiana. Orleans.
Jan. 9, 1940.

Lenfant & Villere and B. J. Tortomasi, all of New Orleans, for appellants.

Leslie P. Beard, of New Orleans, for appellee.

McCALEB, Judge.

On February 19, 1938, the plaintiff, a colored man who is engaged in the business of selling wood, lost three fingers of his right hand as a consequence of coming in contact with a buzz saw owned by Villere Coal Company, Inc., and operated by it at its lumber yard on St. Louis Street in the City of New Orleans. He subsequently brought this action ex delicto against the Villere Coal Company, Inc., and its liability insurer, Central Surety & Insurance Corporation, seeking to recover damages for his injuries, alleging that the accident occurred solely as a result of the negligence of the first-named defendant.

The defendants resist liability in the case on the ground that the injuries received by plaintiff were due to his own imprudence in that he put his hand against the buzz saw while the same was in motion and that the employee of the Villere

Coal Company, in charge of the operation of the saw, was not to blame in any respect.

The Charity Hospital for the State of Louisiana at New Orleans intervened in the proceedings under the provisions of Section 1 of Act No. 230 of 1932, as amended, and claimed from the defendants the sum of $158 for medical, surgical and hospital services rendered to the plaintiff.

After a hearing of the case on its merits, the judge of the district court, being of the opinion that the accident was occasioned solely through the plaintiff's fault, dismissed the suit. The plaintiff and the intervenor, Charity Hospital, have appealed from the adverse decision.

The Villere Coal Company, Inc., operates a lumber yard on St. Louis Street in the City of New Orleans and maintains on its premises a large circular saw which is operated by a one-cylinder motor. The plaintiff, who is engaged in the business of selling wood at retail, frequently purchases wood at the defendant's lumber yard. On February 19, 1938, he repaired to the defendant's premises for the purpose of buying some wood. While the wood was being cut by the buzz saw, his right hand came in contact with the blade of the saw and, as a result, he lost the second, third and fourth fingers of his hand.

Plaintiff's counsel claim that the accident occurred in the following manner: That one Grosso, an employee of the coal company, was running the wood in the saw and that plaintiff was catching the cut pieces and placing them on his truck; that, during the operation, the saw stopped for some unknown reason; that Grosso left the saw exposed and unattended and went to the motor, which operates it, for the purpose of restarting the movement of the saw; that, while the motor was being repaired, plaintiff was standing near the saw with his arms folded; that suddenly and without warning Grosso started the motor and the saw began to turn; that the starting of the saw was accompanied by a loud noise and that plaintiff became frightened and threw his right hand sideways into the blade of the revolving saw.

The testimony of plaintiff as to the manner in which the accident happened is substantially in accord with the foregoing claims. His evidence is corroborated by the statements of two young negro boys who assert that they were present at the time the accident occurred.

It is the contention of the plaintiff that the facts submitted by him are sufficient to make out a case of fault on the part of the defendants because it was the duty of Grosso to warn him before he started the saw and that, if a warning had been given, the accident would not have occurred. He further charges that the defendant was guilty of negligence per se for the reason that the saw was not equipped with a cover and was left entirely exposed in violation of Act No. 146 of 1916, which makes it a misdemeanor for any person or corporation to fail to provide proper safeguards on machinery maintained and operated by them.

While we entertain doubt as to the soundness of the proposition advanced by plaintiff, which is based upon the evidence submitted by him, we find it unnecessary to discuss his theory of the defendants' liability since we are convinced that his injuries were not inflicted in the way he has described. On the contrary, the evidence submitted by the defendants portrays an entirely different picture of the accident. Grosso, the employee who was in charge of the buzz saw, strenuously denies that the motor operating the saw stopped at any time. He states that, while he was in the act of cutting wood for the plaintiff, the latter, for the purpose of skylarking or "showing off" before the two young negro boys, ran his gloved hand around the edge of the saw and that, while so doing, his hand was caught in the teeth of the saw. The evidence of Grosso is fully supported by the statement of one Clifford Lewis, another employee of the defendant.

The district judge, who had the opportunity of hearing and seeing the witnesses, remarks in his reasons for judgment that: "The evidence satisfies me that this story of the saw stopping told by the plaintiff and his witnesses, and that he was standing up with his folded arms, never suspecting that the saw would start again, is absolutely false."

We not only fail to find manifest error in the views of our brother below, but a careful reading of the testimony has convinced us of the verity of the defense evidence.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.